UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Stephen A. Vaden, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UNITED STATES, | ) ) ) Court No. 21-00049 |
| Defendant, | ) ) ) |
| WHEATLAND TUBE, | ) ) ) |
| Defendant-Intervenor. | ) ) ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Saha Thai Steel Pipe Public Company, respectfully submits this Notice of Supplemental Authority to advise this Court of the recent decision by the Court of Appeals for the Federal Circuit in *Hitachi Energy USA Inc. v. United States*, __ F.4th __, 2022 U.S. App. LEXIS 13919* (Fed. Cir. May 24, 2022).  This decision was issued a few days after briefing concluded and the parties had participated in oral argument.  *See, e.g.*, Note to the Record Regarding Oral Argument, ECF No. 55 (May 18, 2022).

The Federal Circuit's decision addresses certain aspects of Commerce's obligations under 19 U.S.C. §1677m(d) that are directly relevant to this Court's consideration of the above-captioned proceeding.  The Court, found that Commerce's change of methodology in the course of that proceeding and its subsequent finding that the respondent had failed to provide all of the required sales data in the appropriate form was inconsistent with the statute.  Specifically, the Court stated that "the statutory entitlement to notice and opportunity to remedy any deficiency is

unqualified." *Hitachi*, 2022 U.S. App. LEXIS 13919 at *20.  In further findings related to Commerce's ability to apply facts available with an adverse inference, the Court stated that "Commerce has no authority to apply adverse facts and inferences unless the respondent has failed to provide requested information when notified of the deficiency, and has not acted to the best of its ability in responding to such requests." *Id.* at *22.

The Court found no exception for situations where the deficiency identified by Commerce is only discovered later in the proceeding and specifically faulted Commerce for basing its defense under Section 1677m on the fact that the information issue was identified only at verification.  *Id.* at *20.  With respect to the subsequent application of an adverse inference, the Court observed the Commerce must tie the application of an adverse inference to one of the "the transgressions in § 1677e(a)(1) or (2)." *Id.* at *24.

The Federal Circuit's treatment of Commerce's basis for relying on facts otherwise available with an adverse inference is directly relevant to this Court's consideration of Commerce's adherence to the strictures of 19 U.S.C. §1677e and the additional controls established by 19 U.S.C. §1677m(d) in the above-captioned proceeding.

                                                    Respectfully submitted,

                                                    /s/ Daniel L. Porter
                                                    Daniel L. Porter
                                                    James P. Durling
                                                    James C. Beaty

                                                  **Curtis, Mallet-Prevost, Colt & Mosle LLP**
                                                  1717 Pennsylvania Avenue, NW
                                                  Washington, DC 2006
                                                  (202) 452-7373

                                                 *Counsel to Saha Thai Steel Pipe Public*
June 1, 2022                                   *Company Limited*