# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) Court No. 21-00049 |
| Defendant, | ) ) |
| WHEATLAND TUBE, | ) ) |
| Defendant-Intervenor. | ) ) |

## PLAINTIFF SAHA THAI'S COMMENTS ON COMMERCE'S REMAND REDETERMINATION

Daniel L. Porter
James P. Durling

**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th Street N.W.
Washington, D.C. 20036
202-663-8140

September 3, 2025

*Counsel for Saha Thai Steel Pipe Public Co. Ltd.*

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. STANDARD OF REVIEW ....................................................................................................1

III. ARGUMENT ..........................................................................................................................2

IV. CONCLUSION .......................................................................................................................3

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
  992 F. Supp. 2d 1285 (Ct. Int'l Trade 2014), *aff'd*, 802 F.3d 1339 (Fed. Cir. 2015) ................. 1

*Consol. Edison Co. of New York v. N.L.R.B.*,
  305 U.S. 197 (1938) ................................................................................................................ 1, 2

*Nippon Steel Corp. v. United States*,
  458 F.3d 1345 (Fed. Cir. 2006) .................................................................................................. 2

*Trust Chem Co. v. United States*,
  819 F. Supp. 2d 1373 (Ct. Int'l Trade 2012) .............................................................................. 1

*Saha Thai Steel Pipe Public Co., Ltd., v. United States*,
  605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022) ............................................................................. 1

**Federal Statute**

19 U.S.C. § 1516a(b)(1)(B)(i) ........................................................................................................ 1


## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
  992 F. Supp. 2d 1285 (Ct. Int'l Trade 2014), *aff'd*, 802 F.3d 1339 (Fed. Cir. 2015) ................. 1

*Consol. Edison Co. of New York v. N.L.R.B.*,
  305 U.S. 197 (1938) ................................................................................................................ 1, 2

*Nippon Steel Corp. v. United States*,
  458 F.3d 1345 (Fed. Cir. 2006) .................................................................................................. 2

*Trust Chem Co. v. United States*,
  819 F. Supp. 2d 1373 (Ct. Int'l Trade 2012) .............................................................................. 1

*Saha Thai Steel Pipe Public Co., Ltd., v. United States*,
  605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022) ............................................................................. 1

**Federal Statute**

19 U.S.C. § 1516a(b)(1)(B)(i) ........................................................................................................ 1

**I.      INTRODUCTION**

Pursuant to the U.S. Court of International Trade's (the "Court") opinion and remand order),[1] Saha Thai Steel Pipe Public Company ("Plaintiff" or "Saha Thai") hereby submits comments on the Commerce Department's ("Commerce" or "the Department") Final Results of Redetermination Pursuant to Court Remand (ECF No. 80) ("Remand Results") in the administrative review of the antidumping duty ("AD") order on circular welded carbon steel pipes and tubes from Thailand, covering the period March 1, 2018, through February 28, 2019. Although Saha Thai does not agree with or support Commerce's reasoning or conclusion with respect to a Particular Market Situation ("PMS"), the agency's ultimate conclusion and the final dumping margin calculated for Saha Thai is supported by substantial evidence, in accordance with law, and consistent with the Court's *Remand Order*. Thus, Saha Thai respectfully submits that the Court should affirm Commerce's Remand Results.

**II.     STANDARD OF REVIEW**

The Court will sustain Commerce's determinations in an antidumping duty proceeding, including redeterminations made pursuant to remand, where such determinations are supported by substantial evidence, are otherwise in accordance with law and, in the case of redeterminations, are consistent with the court's remand order. 19 U.S.C. § 1516a(b)(1)(B)(i). *Ad Hoc Shrimp Trade Action Comm. v. United States*, 992 F. Supp. 2d 1285, 1290 (Ct. Int'l Trade 2014), *aff'd*, 802 F.3d 1339 (Fed. Cir. 2015); *Trust Chem Co. v. United States*, 819 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of New*

---

[1] *Saha Thai Steel Pipe Public Co., Ltd., v. United States*, 605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022) (*Remand Order*).

*York v. N.L.R.B.*, 305 U.S. 197, 229 (1938); *Nippon Steel Corp. v. United States*, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006).

### III. ARGUMENT

This Court held that Commerce failed to provide notice to Saha Thai of the alleged deficiencies in the information Saha Thai submitted to Commerce and an opportunity to remedy such deficiency as required by law, and that Commerce had also failed to explain adequately in the record the reason that it chose to draw an adverse inference. *See Remand Order* at 1371. The Court found that Commerce's decision was not supported by substantial evidence or in accordance with the law and remanded the issue to Commerce for further proceedings. *Id*.

On remand, Commerce complied with the Court's order and reopened the record to issue a revised questionnaire to Saha Thai in order to obtain the information that Commerce previously determined necessary and missing from the record. *See* Commerce's Request for Information (Aug. 30, 2024) (Revised Initial Questionnaire), P.R. 1; *see also* Commerce's Supplemental Questionnaire (May 22, 2025), P.R. 31.[2] Saha Thai fully and timely responded to Commerce's revised initial questionnaire, as well as the subsequently issued supplemental questionnaire, reporting all details of its sales of dual-stenciled pipe. *See* Saha Thai's Section A Questionnaire Response (March 12, 2025), P.R. 12; Saha Thai's Section B Questionnaire Response (March 24, 2025), P.R. 29; Saha Thai's Section C Questionnaire Response (March 24, 2025), P.R. 27; Saha Thai's Section D Questionnaire Response (March 24, 2025), P.R. 25; Saha Thai's Supplemental Questionnaire Response (June 5, 2025), P.R. 34. With such information now on the record, in its Remand Results Commerce properly calculated Saha Thai's dumping margin, based on the company's reported data, rather than (erroneously) relying on facts available or applying an adverse inference. Specifically, Commerce calculated a weighted-average dumping margin for

---

[2] Public Record ("P.R.") citations in these comments refer to the Remand Administrative Record (ECF No. 81).

Saha Thai of 0.00 for the period covering March 1, 2018, through February 28, 2019. *See* Remand Results at 12.

Although Saha Thai does not agree with Commerce's reasoning or conclusion regarding the existence of a PMS, it submits that Commerce's final dumping margin for Saha Thai is now accurate and should be sustained by the Court, as it is properly based on Saha Thai's reported data and no longer suffers from the same deficiencies as Commerce's initial final results. Commerce has inherently recognized that Saha Thai has fully complied with all of Commerce's requests and the record contains all information necessary for Commerce to calculate an accurate dumping margin. Thus, Commerce's Remand Results comply with the Court's *Remand Order* and should be affirmed.

## IV. CONCLUSION

For the foregoing reasons, Commerce's Remand Results are supported by substantial evidence, in accordance with law, and consistent with the court's *Remand Order*. Thus, Plaintiff requests that the Court affirm Commerce's Remand Results.

Respectfully submitted,

/s/ Daniel L. Porter

Daniel L. Porter
James P. Durling

**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th Street N.W.
Washington, D.C. 20036
202-663-8140

*Counsel to Saha Thai Steel Pipe Public Co., Ltd.*

**Dated: September 3, 2025**

3

UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| **SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>**WHEATLAND TUBE,**<br><br>Defendant-Intervenor. | Court No. 21-00049 |

**CERTIFICATION OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)**

The undersigned hereby certifies that the attached Comments on Commerce's Remand Determination, filed on September 3, 2025, contains 755 words, exclusive of the table of contents, table of authorities, and counsel's signature block, according to the word count function of the word-processing system used to prepare this brief. The comments therefore comply with the word limitation set forth in the Court's Chambers Procedures.

/s/ Daniel L. Porter
Daniel L. Porter

**Dated: September 3, 2025**