IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE
_____

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, ) ) ) ) Plaintiff, ) ) v. ) ) UNITED STATES, ) ) Defendant, ) ) and ) ) WHEATLAND TUBE, ) ) Defendant-Intervenor. ) _____) | Court No. 21-00049 |

**DEFENDANT'S COMMENTS SUPPORTING REMAND REDETERMINATION AND RESPONSE TO THE COURT'S ORDER**

Defendant, the United States, respectfully responds to the comments of plaintiff, Saha Thai Steel Pipe Public Company Limited (Saha Thai) concerning the Department of Commerce's remand results in this matter, which we respectfully request be sustained. (ECF No. 82).

On October 6, 2025, the Court granted our motion for a stay pending the lapse in appropriations and directed the parties to file a joint status report within five days of funding, proposing a new schedule. We contacted the parties and defendant-intervenor and defendant agreed that, rather than propose a new schedule for substantive briefing, we would file our respective filings today, November 17, 2025. Regarding the other days to be proposed in the joint status report, the parties agree that the remainder of the

deadlines follow the original timing schedule, with appendices filed by December 1, 2025, and any requests for oral argument will be made by December 8, 2025.

## BACKGROUND

I.  **Commerce's Final Results**

This case concerns Commerce's final results in the 2018-2019 antidumping duty administrative review of circular welded carbon steel pipes and tubes from Thailand, covering the period of review from March 1, 2018, through February 28, 2019. *Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments, In Part; 2018-2019*, 86 Fed. Reg. 7,259 (Dep't of Commerce Jan. 27, 2021) APPX10804–10806, and accompanying Issues and Decision Memorandum (IDM), APPX10778-10794. In the final results, Commerce applied total adverse facts available to Saha Thai for failure to report sales of dual-stenciled pipe in its U.S. sales database. *See* IDM at 13-15.

II. **The Court's Remand Order**

In December 2022, the Court remanded Commerce's final results. *See Saha Thai Steel Pipe Public Co., Ltd., v. United States*, 605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022*)* (*Remand Opinion*). Specifically, the Court held that Commerce failed to provide the notice and opportunity to remedy required by 19 U.S.C. § 1677m(d), and that Commerce also failed to explain adequately the reason it chose to draw an adverse inference. *Id.* at 1371. The litigation was later stayed pending a separate appeal about whether dual-stenciled pipe falls within the scope of the order. The Federal Circuit issued its decision in May 2024. *See Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024).

### III. Commerce's Remand Results

Commerce filed its remand redetermination in July 2025. *Final Results of Redetermination Pursuant to Court Remand* (July 31, 2025) (ECF No. 80) (Remand Results). On remand, Commerce reopened the record to solicit a full revised initial questionnaire response and supplemental questionnaire response from Saha Thai containing the missing U.S. sales data necessary to calculate a new weighted-average dumping margin. *Id.* at 3-4. Saha Thai timely filed the requested response and supplemental response. *Id.* Commerce also found that a particular market situation existed in Thailand during the period of review consistent with the allegation by Wheatland Tube in the underlying administrative review and included such adjustment in its calculation of Saha Thai's weighted-average dumping margin. *Id.* at 4-12. In the Remand Results, Commerce calculated a final weighted-average dumping margin of 0.00 percent for Saha Thai. *Id.* at 12.

### ARGUMENT

### I. Standard Of Review

This Court's review of remand determinations is the same as its review of original determinations. *See* 19 U.S.C. § 1516a(b)(1)(B)(i). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

## II. Commerce's Remand Results Comply With The Remand Order And Are Supported By Substantial Evidence And In Accordance with Law

Commerce complied with the Court's remand order by soliciting a revised questionnaire response from Saha Thai containing all applicable U.S. sales. This was consistent with 19 U.S.C. § 1677m(d) because Commerce explicitly allowed Saha Thai the chance to remedy a deficiency. With the new information, Commerce further complied with the Court's order by reconsidering and recalculating a weighted-average dumping margin for Saha Thai without the application of adverse facts available. These determinations are supported by substantial evidence and in accordance with law.

In its comments, Saha Thai does not contest the Remand Results and requests the Court sustain them. *See* Saha Thai Comments (ECF No. 82) at 3. Although Saha Thai notes that it disagrees with Commerce's particular market situation finding, it does not challenge the finding or present any argument for further judicial consideration. Accordingly, this Court should sustain Commerce's Remand Results as compliant with the Court's order, supported by substantial evidence, and in accordance with law.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    PATRICIA M. MCCARTHY
    Director

| | |
|---|---|
| OF COUNSEL:<br>JONZACHARY FORBES<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for Trade<br>    Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 779-0204<br>Email: JonZachary.Forbes@trade.gov | s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel:<br>Email: |
| November 17, 2025 | Attorneys for Defendant |

Case 1:21-cv-00049-GSK     Document 85     Filed 11/17/25     Page 6 of 6