**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>WHEATLAND TUBE, )<br>)<br>Defendant-Intervenor. )<br>) | Court No. 21-00049 |

**SUPPLEMENTAL BRIEF RESPONDING TO DEFENDANT-INTERVENOR'S REPLY TO COMMENTS ON THE REMAND RESULTS**

Defendant, the United States, respectfully responds to the reply to comments on the remand results of defendant-intervenor, Wheatland Tube Company (ECF No. 86), consistent with the Court's Order on November 18, 2025 (ECF No. 90). We continue to respectfully request that the Court sustain the remand results because they comply with the Court's remand order and because they are supported by substantial evidence and otherwise in accordance with law.

**BACKGROUND**

**I.    Commerce's Final Results of Review**

This case concerns Commerce's final results in the 2018-2019 antidumping duty administrative review of the order covering circular welded carbon steel pipes and tubes

from Thailand, for the period of review from March 1, 2018, through February 28, 2019. *Circular Welded Carbon Steel Pipes and Tubes from Thailand: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments, In Part; 2018-2019*, 86 Fed. Reg. 7,259 (Dep't of Commerce Jan. 27, 2021) APPX10804–10806, and accompanying Issues and Decision Memorandum (IDM), APPX10778-10794. During the administrative proceeding, Commerce and U.S. Customs and Border Protection (CBP) were conducting two separate but related proceedings: first, CBP was investigating whether plaintiff, Saha Thai Steel Pipe Public Company Limited (Saha Thai), was evading the antidumping duty order; and second, Commerce was conducting a scope inquiry on whether the scope of the order included dual-stenciled pipes.

Before Commerce issued its final decision in the administrative review, the intervenor submitted on the record CBP's affirmative Enforce and Protect Act (EAPA) determination that Blue Pipe Steel Center Company Limited (Blue Pipe), as Saha Thai's U.S. importer of record, had evaded the antidumping order during the period of review. IDM at 4-6, APPX10781-10783. Separately, in the scope proceeding, Commerce determined that the order included dual-stenciled pipes. Commerce considered these two determinations and concluded that Saha Thai should have included sales information for dual-stenciled pipes in its initial questionnaire responses. Accordingly, Commerce applied total adverse facts available for failure to report a substantial portion of its U.S. sales of dual-stenciled pipe and assigned Saha Thai the highest weighted-average dumping margin applied in a previous completed segment of the proceeding. IDM at 5-7, APPX10782-10784.

## II. The Court's December 2022 Remand Order

On December 2, 2022, the Court remanded Commerce's final results of review. *See Saha Thai Steel Pipe Public Co., Ltd., v. United States*, 605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022) (*Remand Opinion*). The Court acknowledged both CBP's EAPA finding and Commerce's scope ruling and went on to hold that Commerce had failed to provide Saha Thai notice of its deficiency and an opportunity to remedy consistent with 19 U.S.C. § 1677m(d). *Id.* at 1371. Specifically addressing the scope case, the Court held that case could have no effect because, "although many of the facts of the separate scope inquiry proceedings before the Court are relevant to this administrative review, each case rises and falls on its own merits; the legal issues are independent." *Remand Opinion*, 605 F. Supp. 3d at 1353. The Court remanded. *Id.* Nevertheless, the litigation was later stayed pending the Federal Circuit's decision in the scope appeal. (ECF No. 69). In May 2024, the Federal Circuit reversed and held that dual-stenciled pipe was within the scope of the order consistent with Commerce's original scope ruling. *See Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310 (Fed. Circ. 2024) (*Saha Thai CAFC*).

## III. Commerce's Remand Results

On remand, Commerce reopened the record to solicit a full revised initial questionnaire response and supplemental questionnaire response from Saha Thai containing the missing U.S. sales data necessary to calculate a new weighted-average dumping margin for Saha Thai consistent with 19 U.S.C. § 1677m(d). Remand Results at 3-4. Saha Thai timely filed the requested response and supplemental response. *Id.*

3

On July 8, 2025, Commerce released its draft results of redetermination to interested parties to comment; however, no interested party submitted comments. *Id.* at 3. On July 31, 2025, Commerce filed its remand redetermination, in which it calculated a final weighted-average dumping margin of 0.00 percent for Saha Thai for the period of review. (ECF No. 80). *Id.* at 12. On September 9, 2025, the Court sustained CBP's EAPA determination. *Blue Pipe Steel Center Co. Ltd. v. United States*, No. 21-00081, 2025 WL 2731541 (Ct. Int'l Trade Sept. 5, 2025).

## ARGUMENT

I. **Standard of Review**

This Court's review of remand determinations in antidumping and countervailing duty proceedings applies the same standard of review as the one applied when reviewing the original determination. *See* 19 U.S.C. § 1516a(b)(1)(B)(i)). Thus, in remand proceedings, the Court will sustain Commerce's determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

II. **Commerce's Remand Results Comply with the Remand Order and Are Supported by Substantial Evidence and in Accordance with Law**

Commerce complied with the Court's remand order by soliciting a revised questionnaire response from Saha Thai containing all applicable U.S. sales consistent with 19 U.S.C. § 1677m(d) and calculating a final weighted-average dumping margin for Saha Thai without the application of adverse facts available. Wheatland Tube Company does not contest that Commerce complied with the Court's order. Wheatland Reply Comments at 11-12.

4

Instead, Wheatland Tube Company contends that the Court's decision in *Blue Pipe* sustaining the EAPA determination and the Federal Circuit's scope decision in *Saha Thai CAFC* both render this Court's 2022 remand order unlawful. In Wheatland Tube Company's view, had the Court in 2022 been able to consider the later precedent, it would have been bound to sustain Commerce's application of adverse inferences. Commerce's remand results were "fruit of this poisonous tree." *Id.* at 11. As a remedy, Wheatland Tube asks the Court to again remand the matter to Commerce to reconsider its decision not to apply adverse inferences in light of the Federal Circuit's scope decision and this Court's EAPA decision.

A remand is unnecessary. First, Wheatland Tube Company could have raised its argument about the Federal Circuit's decision to Commerce during the remand proceeding—the decision was issued more than a year before Commerce issued its draft remand determination here. The argument has therefore not been exhausted.[1] And even if Wheatland had exhausted, the Court was clear that it viewed section 1677(m)'s notice requirements as "wholly independent" from the scope case. *See Saha Thai*, 605 F. Supp. 3d at 1361 (distinguishing between this case and the scope case). The Court was clear that, "regardless of whether the scope of the Thailand Order includes dual-stenciled line pipe, Saha Thai may still have been obligated to give Commerce dual-stenciled line pipe sales information *if* Commerce had requested it." *Id.* (emphasis in original). The Court

---

[1] Wheatland Tube Company contends that whether Commerce was required to give Saha Thai notice under section 1677m is a pure question of law such that exhaustion is not required. Wheatland Reply Comments at 15. But this Court has already opined on whether Commerce failed to provide the required notice; to revisit that question would not only contravene the Court's decision (which plaintiff seems to acknowledge), it would also require an application of the facts of the proceeding.

5

held that Commerce did not request it and this is now the law of the case. *Id.* at 1361-62. That the Federal Circuit has now finally decided the scope issue does not change this result.

As for the EAPA question, the Court here was well aware of CBP's evasion determination when it issued its remand order, as was Commerce when it issued its original decision *and* its remand decision. *See Remand Opinion*, 605 F. Supp. 3d at 1354, 1357-58. The Court's decision sustaining CBP's determination does not change the analysis. Although *Blue Pipe* is an intervening decision, it merely confirms CBP's findings made on an administrative record. And in any event, it does not bear on the Court's remand direction. Despite being aware of CBP's affirmative EAPA determination that formed the basis of Commerce's original decision, the Court held that Commerce had failed to provide Saha Thai notice of a deficiency and an opportunity to respond. Commerce's remand provided that notice and allowed Saha Thai to correct the deficiency, which in turn necessarily eliminated the adverse inference. Wheatland Tube Company has not sufficiently explained how the Court's decision in *Blue Pipe* confirming the CBP's affirmative determination presents any change in the set of facts that were before this Court when issuing the *Remand Opinion*.

Accordingly, the arguments advanced by Wheatland Tube Company do not sufficiently establish that the legal or factual situation that this Court had before it in the original *Remand Opinion* has changed such that reconsideration is warranted, regardless of whether the Government agrees or disagrees with the underlying merits. Therefore, Commerce's *Remand Results* continue to comply with this Court's *Remand Opinion* and should be sustained.

## **CONCLUSION**

For these reasons, we respectfully request that the Court sustain Commerce's remand results and enter judgment for the United States.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

| | |
|---|---|
| OF COUNSEL:<br>JONZACHARY FORBES<br>Attorney<br>U.S. Department of Commerce<br>Office of the Chief Counsel for Trade<br>    Enforcement and Compliance<br>1401 Constitution Avenue, NW<br>Washington, D.C. 20230<br>Tel: (202) 779-0204<br>Email: JonZachary.Forbes@trade.gov | /s/ Claudia Burke<br>CLAUDIA BURKE<br>Deputy Director<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington D.C. 20044<br>Tel: 202-353-9063<br>Email: claudia.burke@usdoj.gov |
| December 2, 2025 | *Attorneys for Defendant* |