# UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

|  |  |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) **Court No. 21-00049** |
| Defendant, | ) ) |
| WHEATLAND TUBE, | ) ) |
| Defendant-Intervenor. | ) ) ) |

## PLAINTIFF SAHA THAI'S SUPPLEMENTAL BRIEF RESPONDING TO DEFENDANT-INTERVENOR'S REPLY TO COMMENTS ON REMAND RESULTS

Daniel L. Porter
Gina M. Colarusso

**Pillsbury Winthrop Shaw Pittman LLP**
1200 17th Street N.W.
Washington, D.C. 20036
202-663-8140

**December 2, 2025**

*Counsel for Saha Thai Steel Pipe Public Co. Ltd.*

**TABLE OF CONTENTS**

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................ 1

ARGUMENT .................................................................................................................................. 2

      A.      The Question Before the Court is Whether Commerce's Remand Results Are Supported by Substantial Evidence, in Accordance With Law, and Comply With the Court's Remand Order; They Do. ....................................................................... 3

      B.      Defendant-Intervenor's Attempt to Relitigate a Factual Issue Is Inappropriate ..... 4

CONCLUSION ............................................................................................................................... 8

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
   992 F. Supp. 2d 1285 (Ct. Int'l Trade 2014), *aff'd*, 802 F.3d 1339 (Fed. Cir. 2015) ................. 4

*Blue Pipe Steel Center Co., Ltd. v. United States*,
   No. 21-00081, 2025 WL 2731541 (Ct. Int'l Trade Sept. 25, 2025) ...................................... 6, 7

*Saha Thai Steel Pipe Pub. Co. v. United States*,
   101 F.4th 1310 (Fed. Cir. 2024) ...................................................................................... 3, 6

*Saha Thai Steel Pipe Public Co., Ltd., v. United States*,
   605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022) .................................................................... *passim*

*Trust Chem Co. v. United States*,
   819 F. Supp. 2d 1373 (Ct. Int'l Trade 2012) ........................................................................ 4

**Federal Statutes**

19 U.S.C. § 1516a(b)(1)(B)(i) ........................................................................................................ 1

19 U.S.C. § 1677m(d) ............................................................................................................... 3, 4

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to the U.S. Court of International Trade's (the "Court") Order (ECF No. 90), issued on November 18, 2025, providing Plaintiff and Defendant an opportunity to submit supplemental briefs responding to Defendant-Intervenor's Reply to Comments on Remand Results (Nov. 17, 2025) (ECF No. 86) ("Def-Int. Reply Comments"), Saha Thai Steel Pipe Public Company ("Plaintiff" or "Saha Thai") hereby submits the enclosed Supplemental Brief.

In their Reply Comments, Defendant-Intervenor effectively asks the Court to undertake the following tasks:

- Analyze a complicated factual issue about which Defendant-Intervenor submitted no – zero – comments to Commerce, despite having ample opportunity to do so;

- Reconsider and overturn this Court's own ruling,[1] and then

- Sustain Commerce's <u>original</u> determination in the underlying AD review, notwithstanding that Commerce itself has determined a new decision is appropriate.

Saha Thai respectfully submits that there is no legitimate justification for this Court to undertake any of these tasks. This is neither the time nor the forum for Defendant-Intervenor to argue that the Court's *Remand Order* was incorrect. Defendant-Intervenor is free to appeal the final ruling of this Court should they disagree with the ultimate resolution. Further, Defendant-Intervenor failed to raise any arguments before Commerce during the remand proceeding and thus has waived its ability to raise such arguments here before the Court. All of Defendant-Intervenor's defenses against exhaustion fail – they challenge a factual issue that this Court has already decided, not a "pure question of law."

---

[1] *Saha Thai Steel Pipe Public Co., Ltd., v. United States*, 605 F. Supp. 3d 1348 (Ct. Int'l Trade 2022*)* (*Remand Order*).

1

The sole issue before this Court at this time is whether Commerce properly complied with this Court's Remand Order. As stated in Plaintiff's Comments on Commerce's Remand Results (Sept. 3, 2025) (ECF No. 82), on remand Commerce complied with the Court's Order by reopening the record to solicit information that Commerce previously determined necessary and missing from the record.[2] Saha Thai fully and timely responded to Commerce's requests for information, reporting all details of its sales of dual-stenciled pipe. *See* Saha Thai's Section A Questionnaire Response (March 12, 2025), P.R. 12; Saha Thai's Section B Questionnaire Response (March 24, 2025), P.R. 29; Saha Thai's Section C Questionnaire Response (March 24, 2025), P.R. 27; Saha Thai's Section D Questionnaire Response (March 24, 2025), P.R. 25; Saha Thai's Supplemental Questionnaire Response (June 5, 2025), P.R. 34. Having received all sales information that Commerce deemed relevant and necessary, in its Remand Results Commerce properly calculated Saha Thai's dumping margin based on the company's reported data, rather than (erroneously) relying on facts available or applying an adverse inference. As such, Commerce's ultimate conclusion and the final dumping margin calculated for Saha Thai is supported by substantial evidence, in accordance with law, and consistent with the Court's *Remand Order*. Despite Defendant-Intervenor's inappropriate attempt to relitigate a factual question, nothing in Defendant-Intervenor's Reply Comments merits a second remand order from the Court. Rather, the Court should affirm Commerce's Remand Results.

**ARGUMENT**

This Court held that Commerce failed to provide notice to Saha Thai of the alleged deficiencies in the information Saha Thai submitted to Commerce and failed to provide an

---

[2] *See* Final Results of Redetermination Pursuant to Court Remand (July 31, 2025) (ECF No. 80) (Remand Results).

opportunity to remedy such deficiency as required by law. *Remand Order*, 605 F. Supp. 3d at 1371. The Court also found that Commerce "failed to explain adequately in the record the reason it chose to draw an adverse inference." *Id*. Therefore, the Court found that Commerce's decision was not supported by substantial evidence nor in accordance with the law and remanded the issue to Commerce for further proceedings. *Id*. In issuing a remand, the Court took "no position whether on remand Commerce may draw adverse inferences or use facts otherwise available." *Id*. However, the Court ordered, "{i}f it does so, Commerce must provide an adequate explanation in the record supported by substantial evidence and ensure that it properly complies with the notice requirement of § 1677m(d)." *Id*.

On remand, Commerce "reconsidered its *Final Results* by issuing a complete questionnaire to Saha Thai {}, instructing Saha Thai to provide a revised questionnaire response that includes all details of sales of dual-stenciled pipe, pursuant to Commerce's scope ruling and the U.S. Court of Appeals for the Federal Circuit's (Federal Circuit) decision in *Saha Thai Steel Pipe Pub. Co. v. United States*, 101 F.4th 1310 (Fed. Cir. 2024)." Remand Results at 1. That is, Commerce reopened the record and requested from Saha Thai *all* sales data related to its sales of dual-stenciled pipe, *i.e.*, the data that Commerce concluded was missing from the record in its *Final Results*. Saha Thai timely and fully responded to each of Commerce's questionnaires. *See id*. at 4; Plaintiff's Comments on Commerce's Remand Results at 2. Commerce then calculated a dumping margin based on Saha Thai's sales data rather than relying on adverse facts available ("AFA").

    **A.**    **The Question Before the Court is Whether Commerce's Remand Results Are Supported by Substantial Evidence, in Accordance With Law, and Comply With the Court's Remand Order; They Do.**

The Court will sustain Commerce's redeterminations made pursuant to remand where such determinations are supported by substantial evidence, are otherwise in accordance with law

3

and are consistent with the court's remand order.  19 U.S.C. § 1516a(b)(1)(B)(i).  *Ad Hoc Shrimp Trade Action Comm. v. United States*, 992 F. Supp. 2d 1285, 1290 (Ct. Int'l Trade 2014), *aff'd*, 802 F.3d 1339 (Fed. Cir. 2015); *Trust Chem Co. v. United States*, 819 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2012).  That is the question currently before the Court; namely, was Commerce's Remand Results supported by substantial evidence, in accordance with law, and consistent with the Court's *Remand Order*.

Plaintiff submits that they are.  Commerce chose to reopen the record and solicit the information it previously concluded was missing from the record, and calculated Saha Thai's dumping margin based on the company's reported information rather than rely on AFA.  Thus, Commerce's Remand Results are compliant with the Court's *Remand Order*, supported by substantial evidence, and otherwise in accordance with law (as the requirements of 19 U.S.C. § 1677m(d) are effectively satisfied).

### B. Defendant-Intervenor's Attempt to Relitigate a Factual Issue Is Inappropriate

Defendant-Intervenor is apparently dissatisfied with Commerce's Remand Results and would like the Court to issue another remand because "they are based on the Court's *Remand Order*, which itself was predicated on the Court's erroneous and overturned decision in *Saha Thai I*."  Def-Int. Reply Comments at 9.  Defendant-Intervenor is wrong, and its comments are misplaced.

For one, contrary to Defendant-Intervenor's assertions, the Court did not order Commerce to take any specific action on remand, only that it must comply with the law at § 1677m(d), providing sufficient notice to the respondent before it decides to draw adverse inferences or use facts otherwise available, and must provide an adequate explanation supported by substantial evidence for its decision to do so.  *Remand Order* at 605 F. Supp. 3d at 1371 ("The

4

Court states no position whether on remand Commerce may draw adverse inferences or use facts otherwise available . . ."). In theory, Commerce could have reached the very same conclusion that Defendant-Intervenor argues for, so long as it adequately explained its position and such explanation was supported by substantial record evidence. But Commerce did not do so. That this dissatisfies Defendant-Intervenor, as it would prefer that Commerce continue to rely on AFA rather than Saha Thai's own data, does not make Commerce's Remand Results "based on erroneous grounds." *See* Def-Int. Reply Comments at 9.

Second, Defendant-Intervenor's arguments boil down to an attempt to relitigate a factual question already decided by this Court – not a "pure question of law." *See id*. at 12, 15-16. Defendant-Intervenor argues that the *Remand Order* "was erroneous because the Court incorrectly distinguished the facts of this case from the Federal Circuit's decision in *Papierfabrik Aug. Koehler SE v. United States*, 843 F.3d 1373 (Fed. Cir. 2016)." *Id*. at 9-11 (emphasis added).

In other words, despite the Court already addressing this exact argument, Defendant-Intervenor asserts that Commerce should have applied AFA to Saha Thai based on a finding of fraud. This is not the appropriate venue for Defendant-Intervenor to repeat such arguments. As stated, the question now before the Court is whether Commerce's Remand Results are supported by substantial evidence, are in accordance with law, and comply with the Court's Remand Order (and they do). Should Defendant-Intervenor wish to relitigate the facts, it will have the option to appeal the outcome of this proceeding to the Federal Circuit.

Moreover, if Defendant-Intervenor felt so strongly that Commerce would be justified in continuing to apply AFA, it should have raised such arguments for the agency's consideration following the release of its draft remand results. Yet, Defendant-Intervenor remained silent. *See* Remand Results at 3 ("No interested parties commented on the Draft Redetermination.").

Although Defendant-Intervenor claims that three exceptions to the exhaustion requirement save its challenge from being waived (Def-Int. Reply Comments at 12), its arguments are meritless and just more words to make the exact same claim – that it believes Commerce and the Court should have found that Saha Thai acted fraudulently in the underlying proceeding (or, as Defendant-Intervenor puts it, Saha Thai's responses were, they argue, "intentionally incomplete"). But this Court has already found:

> There is no finding of fraud in this case. Instead, what has happened could — most charitably to Commerce's position — be characterized as "a misunderstanding of the Department's questionnaire instructions." Indeed, it would be hard to call the omission of data on dual-stenciled pipe "fraudulent" when (1) the omission was transparently disclosed at the time of the submission; (2) Commerce asked for the missing data with regard to two specific customers — demonstrating it knew Saha Thai had not provided it — but never asked for the data for any other customers; and (3) Saha Thai immediately provided the company-specific data for which Commerce asked.

*Remand Order*, 605 F. Supp. 3d at 1348 (internal citations omitted).

Defendant-Intervenor attempts to argue that *Saha Thai*, 101 F.4th 1310 (Fed. Cir. 2024) ("*Saha Thai III*") and *Blue Pipe Steel Center Co., Ltd. v. United States*, No. 21-00081, 2025 WL 2731541, at *1 (Ct. Int'l Trade Sept. 25, 2025) "materially affect the issues in this case" and should lead the Court and Commerce to conclude that Saha Thai acted fraudulently in not originally reporting all of its sales of dual-stenciled pipe. Def-Int. Reply Comments at 13-16. Neither of these cases support Defendant-Intervenor's allegation that Saha Thai acted fraudulently in the underlying proceeding, nor do they warrant the Court's reconsideration of this issue.

With respect to *Saha Thai III*, the present litigation was stayed pending the final and conclusive disposition in *Saha Thai III*. *See* Remand Results at 3. Commerce's Remand Results explicitly rely on *Saha Thai III* – because of the Federal Circuit's decision in that case, Commerce found it proper to solicit all details of sales of dual-stenciled pipe, which Saha Thai

6

provided. *Id*. at 1.  The outcome in *Blue Pipe* is entirely premised on the Federal Circuit's decision in *Saha Thai III* – because, ultimately, the courts have affirmed Commerce's decision to include dual-stenciled pipe within the scope of the AD Order on Circular Welded Carbon Steel Pipes and Tubes, U.S. Customs and Border Protection ("Custom")'s duty evasion determination with respect to Blue Pipe's entries of dual-stenciled pipe was affirmed.  It undoubtedly would have made zero difference in Commerce's Remand Results if *Blue Pipe* had been issued first.  That case does not have any bearing whatsoever on Saha Thai's actions in the underlying administrative review.  The only relevant point is what the Federal Circuit concluded in *Saha Thai III*, which gave Commerce legal support to solicit additional information from Saha Thai for its sales of dual-stenciled pipe.  Both Saha Thai and Commerce are now satisfied that the record is complete, and the final dumping margin is accurate.  There is no basis for the Court to entertain Defendant-Intervenor's absurd claims to overturn a result for which both Plaintiff and Defendant are satisfied.

**CONCLUSION**

For the foregoing reasons, and those stated in Saha Thai's Comments on Commerce's Remand Results (ECF No. 82), the Court should ignore Defendant-Intervenor's Reply Comments and affirm Commerce's Remand Results, which are supported by substantial evidence, in accordance with law, and consistent with the court's *Remand Order*.

                                          Respectfully submitted,

                                          /s/ Daniel L. Porter

                                          Daniel L. Porter
                                          Gina M. Colarusso

                                          **Pillsbury Winthrop Shaw Pittman LLP**
                                          1200 17th Street N.W.
                                          Washington, D.C. 20036
                                          202-663-8140

                                          *Counsel to Saha Thai Steel Pipe Public Co., Ltd.*

**Dated:  December 2, 2025**

UNITED STATES COURT OF INTERNATIONAL TRADE

*Before*: The Honorable Gary S. Katzmann, Judge

| | |
|---|---|
| SAHA THAI STEEL PIPE PUBLIC COMPANY LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant,<br><br>WHEATLAND TUBE,<br><br>Defendant-Intervenor. | Court No. 21-00049 |

**CERTIFICATION OF COMPLIANCE WITH CHAMBERS PROCEDURE 2(B)(1)**

The undersigned hereby certifies that the attached Supplemental Brief, filed on December 2, 2025, contains 2,054 words, exclusive of the table of contents, table of authorities, and counsel's signature block, according to the word count function of the word-processing system used to prepare this brief. The comments therefore comply with the word limitation set forth in the Court's Order (ECF No. 90).

/s/ Daniel L. Porter
Daniel L. Porter

**Dated: December 2, 2025**